PAULA SEVERINA VALCÁRCEL, Appellant, *v.* THE REGISTRAR
OF PROPERTY OF RÍO PIEDRAS, Respondent.

No. 1299.   Submitted February 1, 1954.—Decided February 12, 1954.

R. R. *Rivera Correa* for appellant. The respondent Registrar appeared by brief.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

On May 4, 1950 the former District Court of Puerto Rico, San Juan Section, issued a dominion title order in favor of Paula Valcárcel with respect to a lot having an area of 325.25 square meters, located in the ward of Canóvanas of Loíza. It appears from that order that Paula Severina Valcárcel, appellant herein, acquired the lot by purchase from Luis Martínez Valcárcel and his wife, by deed No. 43 executed on June 4, 1949 before Notary R. R. Rivera Correa, and that Luis Martínez Valcárcel acquired it, in turn, in 1948 by purchase from Hermanos Albandoz. It appears further from the order that the lot in question *"is subject only to a debt in the sum of $1,371 of the deferred selling price in favor of Hermanos Albandoz."* (Italics ours.) The dominion order was recorded in the Registry of Property on August 24, 1950, at folio 140, volume 38 of Loíza, property No. 1,692, first entry, "subject to the debt mentioned in the document."

Subsequently, and for the purpose of cancelling the mention of the debt, appellant presented to the Registry a certified copy of deed No. 27 of February 21, 1953, executed before Notary Ricardo R. Rivera Correa, whereby José, Clemente, Serafina, Ignacia, Fernando and Angel Luis Albandoz Carrasquillo, all brothers and sisters, as well as Ena and Edgar Navas Albandoz, their niece and nephew, respectively, as heirs of Gloria María Albandoz, gave a receipt to appellant and consented to the cancellation of the mention to which the property was subject. At the Registrar's request, appellant subsequently attached to that document a copy of the deed of sale of the lot in question executed by Hermanos Albandoz in favor of Luis Martínez Valcárcel, from whom appellant in turn derived title. After examining these documents, the Registrar denied the cancellation requested and issued the following note:

"Record of cancellation of the mention of deferred price made in this document is hereby denied, after examining other documents, on the ground that, since the mention in the Registry is in favor of the entity 'Hermanos Albandoz,' it is not established with certainty that the creditors who now seek cancellation are the same and all the members of Hermanos Albandoz. Deed No. 58 executed in Loíza on May 22, 1948 before Notary Ricardo R. Rivera Correa, which was produced afterwards, does not establish that certainty but reveals the fact that this lot, which was recorded by virtue of a dominion title proceeding prosecuted in the District Court of San Juan— No. 49-2182, approved May 4, 1950—was segregated from the property recorded at folio 160, volume 28 of Loíza, as a result of which there has arisen in this Registry a conflict of duplicity of properties, which question must be passed upon by the courts of justice. Cautionary notice is entered for 120 days on the margin of the first entry of property No. 1,692 appearing at folio 140, volume 38 of Loíza."

██ The first reason alleged in the note of refusal is that the documents presented fail to identify satisfactorily the owner who recorded the mention of the debt, namely, the

Hermanos Albandoz.[1] We agree with the Registrar that cancellation, as in the case at bar, does not lie unless the person in whose favor the recording was made, or his successors in interest, or legitimate representatives, signify their consent to the cancellation in the deed presented for that purpose. Article 82 of the Mortgage Law provides in part that "Records or cautionary notices made by virtue of a public instrument can be cancelled only by a final order from which no appeal for its annulment or reversal is pending, or by another instrument or authentic document in which the person in whose favor the record or entry may have been made, or his assigns or legal representatives signify their consent to the cancellation." That Article further provides that "Records or entries made under a court may be cancelled only by virtue of final orders..." Although the registration of the mention in the instant case was made by virtue of a court order, a court order is not necessary in order to proceed with the cancellation, and it may be voluntarily made by virtue of a public deed. I Morell, *Legislación Hipotecaria*, p. 443; 3 Roca Sastre, *Derecho Hipotecario*, p. 622; *Decision of the General Directorate of Registries of Spain* of January 29, 1940. Article 82 is likewise applicable to the cancellation of mentions. See 3 Morell, *op. cit.* pp. 523 *et seq.*

■ Regarding the first ground on which the Registrar based his note, the question narrows down to a determination of whether the documents presented in the Registry seeking cancellation of the mention of debt, identify those who consented to the cancellation as the persons in whose favor the mention was recorded. In our opinion, they are sufficient. By deed No. 58 executed May 22, 1948 before

---

[1] Although *Hermanos Albandoz* appears in quotation marks in the Registrar's note and he designates them as an entity, such quotation marks do not appear in the dominion title order, nor do they disclose that we are concerned with an entity, with capacity distinct from that of its members.

Notary Ricardo R. Rivera Correa,[2] Angel Luis, Fernando Benito, Serafina, José, Clemente and Ignacia Albandoz Carrasquillo, brothers and sisters, and Dr. Antonio Navas, widower of Gloria Albandoz Carrasquillo,[3] sold to Luis Martínez Valcárcel the following property:

"Urban: Lot situated in the ward of Canóvanas of the municipal district of Loíza, Puerto Rico, on the northerly extension of Calderón Mujica Street of Loíza, Puerto Rico, measuring on the front eighteen feet, rather eighteen meters and fifty hundredths, by sixteen meters and fifty hundredths deep, or an area of three hundred and five square meters and twenty-five hundredths (305.25 sq. m.), marked lot Ten A, and bounded on the front, which is the West, by the extension of Calderón Mujica Street; on the rear (East) by lot number Eleven A (11-A) of the Albandoz Development; on the left or North by José Albandoz Vergara Street; and on its left by lot number Nine A of the Albandoz Development."

The selling price agreed upon in the deed was $1,381, of which the vendors confessed having received the sum of $10, the balance of $1,371 to be paid by the purchaser as soon as a certain development was terminated, as a result of which the lot is recordable in the Registry of Property. It is stated in the dominion title order that it was established that Luis Martínez Valcárcel and his wife Isabel Walker sold that very property, subject to the same encumbrance, to Paula Severina Valcárcel by deed No. 43 of June 4, 1949 executed before Notary R. R. Rivera Correa.

After acquiring the property by purchase from Luis Martínez Valcárcel, appellant filed the dominion title proceeding which resulted in the order which was recorded in the Registry of Property, containing the mention that that

---

[2] This was one of the documents accompanied by petitioner to the deed of payment.

[3] Although Dr. Navas appears in the deed of sale, we assume that he did so in representation of the children born of his marriage to Gloria Albandoz, and it was indubitably so established by the court which granted the dominion title proceeding without mentioning Dr. Navas as one of the creditors.

property was subject to a debt in the sum of $1,371 of the selling price in favor of Hermanos Albandoz.

Subsequently, that is, on February 21, 1953, Angel Luis, Fernando Benito, José, Serafina, Clemente, Ignacia Albandoz Carrasquillo and the heirs of Gloria María Albandoz Carrasquillo executed a deed of satisfaction in favor of appellant, declaring that they were the Hermanos Albandoz in whose favor the mention of debt of the deferred price was recorded, and they consent to its cancellation.

The property sold by Hermanos Albandoz to Luis Martínez Valcárcel is the same property which the latter in turn sold to Paula Severina Valcárcel, petitioner herein, the registration of which was ordered by order issued in the dominion title proceeding. The description of the property set forth in the dominion title order corresponds squarely with the description of the property originally sold by Hermanos Albandoz to Luis Valcárcel Martínez. So is the deferred sum as part of the selling price. How can there be any doubt that the Hermanos Albandoz, mentioned in the Registry, are the same Hermanos Albandoz who consent to the cancellation? There can be no doubt that the Albandoz creditors appearing in the Registry and who were the former owners, are the same ones who consent to the cancellation. Cancellation should not have been denied for the reason set forth in the note appealed from.

█ The statement contained in the second part of the Registrar's note does not justify the refusal to record the cancellation of the mention. The fact that the lot recorded in the Registry by virtue of the dominion title proceeding was segregated from certain property which is recorded at folio 160, volume 28 of Loíza, does not oppose the registration sought. The registration of the lot by virtue of the dominion title proceeding created in the Registry a legal right favorable to petitioner, and the Registrar is without power to change it without the person's consent, unless it is so ordered by a competent court. *Puffer* v. *Registrar*, 61

P.R.R. 37. Whether correct or incorrect, the record stands until duly annulled or cancelled. *Noriega* v. *Registrar*, 44 P.R.R. 311; *Hernández* v. *Registrar*, 67 P.R.R. 423; *Rosado* v. *Registrar*, 68 P.R.R. 552; 3 Morell, *op. cit.* p. 443.

The decision appealed from is reversed and the cancellation of the mention ordered to be recorded.